

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00285-CR

DAVID ANDREW MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4172, Honorable Dale A. Rabe, Jr., Presiding

February 19, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, David Andrew Martinez, appeals from the trial court's judgment adjudicating him guilty of theft[1] and sentencing him to eighteen years of confinement. The reporter's record was due on January 21, 2026, but was not filed. By letter of January 28, 2026, we notified the reporter that the record was overdue and directed her to advise

---

[1] *See* TEX. PENAL CODE § 31.03.

this Court of the status of the record by February 9, 2026. The reporter has not filed the record or had any further communication with this Court to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by March 23, 2026.

Should the reporter file the record on or before the date the trial court acts per our directive, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.